WILLIAM WAGER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31236.) — Appeal from a judgment of the Court of Claims, dismissing, after trial, a claim for damages resulting when an automobile, in which claimant was a passenger, struck the abutment of a bridge entering the City of Kingston, N. Y., over Esopus Creek. The court below found that the State had been negligent in the maintenance of its highway approaching such bridge, but dismissed the claim on the ground that claimant had failed to establish that the State's negligence was the proximate cause of the accident. The automobile, in which Harold Torkle was also a passenger, was owned and driven by William Reuben. The accident occurred about 3:00 A.M., May 19, 1951. The three men had been together since the preceding evening and, in the interim, had visited several night spots. They were approaching Kingston from the northwest over State highway Route 28. About 600 feet from the bridge the forty-foot concrete pavement of that highway merged into a blacktop pavement, narrowing gradually to the twenty-foot width of the bridge floor. About 400 feet from the bridge the road entered a ten-degree curve (of which the bridge was a part) and ascended several feet to the bridge level. As the court below found, there was neither overhead illumination of the bridge nor any sign indicating a curve or narrow bridge. Within a distance of 1,100 feet from the bridge there were five reflectorized signs which, respectively, indicated highway intersections, " Pavement Narrows " and speed limits of thirty and twenty-five miles per hour. In absolving the State from liability on the proximate cause issue, the trial court did not pass on the questions of the contributory negligence of the claimant-passenger, if any, or the proximate cause of the accident. This record contains no evidence as to the happening of the accident except the unfortunate end result and precludes a just determination of the case. Claimant, having no memory of the occurrence, could give no testimony concerning it. Torkle threw no light on it. Reuben, the driver of the car, though obviously available, did not testify. The suggestion that he would have been hostile to claimant because a Supreme Court action in the latter's behalf was pending against him does not carry conviction. In our opinion there should be a retrial of the case when facts pertaining to the issues which the Court of Claims did not find it necessary to reach can be adduced and on which deter-

mination can be made by the judge who will have the opportunity to hear and observe the witnesses. Judgment reversed on the law and the facts and a new trial directed in the Court of Claims, with costs to abide the event. Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ., concur. [See *post*, p. 1210.]