WILLIAM WAGER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31236.)

Third Department, June 17, 1959.

*N. Le Van Haver* and *Charles H. Gaffney* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Paxton Blair, James G. Austin* and *Jerome Lefkowitz* of counsel), for respondent.

BERGAN, J. In the first appeal in this case (285 App. Div. 1199) the judgment of the Court of Claims dismissing the claim was reversed and a new trial directed. The Court of Claims was then of opinion that although the State had been shown negligent in the manner in which it maintained the highway approaching a bridge at the outskirts of Kingston at the site of the accident where claimant was injured, such negligence was not shown to have been a proximate cause of the accident.

The court had declined to pass on the question of the contributory negligence, if any, of the claimant and had declined to make any finding on the proximate cause of the accident. In remitting the case this court was of opinion that on the new trial "facts pertaining to the issues which the Court of Claims did not find it necessary to reach can be adduced" and on such facts "determination can be made". This court noted especially there had been a failure to call as a witness William Rubin, the driver of the car in which claimant was riding when injured.

On the retrial of the case the driver was called as a witness. He testified as to the accident that "I have no recollection of it whatsoever". He had sustained some injuries in the accident. Other proof on the new trial did not add substantially to the factual showing previously made.

The Court of Claims after the new trial made a finding that the State was "guilty of negligence in the maintenance, repair, design and construction" of the road "where said accident happened" and that the State had due notice of the condition but found that the claimant had "failed to prove" that this negligence "was the proximate cause of the accident".

The court, however, also refused to find that the negligence of the driver Rubin was the proximate cause of the accident and refused to find that claimant, as a passenger in the Rubin car, was "guilty of contributory negligence". But the court also refused to find the converse that the claimant "was free from contributory negligence".

Since upon the retrial the facts have been adduced to the extent that they can, or are likely ever to be, developed, we feel required to bring the issues to resolution and to decide the case as well as we can decide it on the record as now made.

We agree with the finding of the Court of Claims that the negligence of the State in the maintenance of the highway at the site of this accident is established. The evidence abundantly sustains such a finding. The car in which claimant was riding as a passenger was approaching Kingston late at night on State Highway Route 28. Until a point about 600 feet from a narrow bridge over the Esopus Creek the highway pavement was 40 feet wide and constructed of concrete. The pavement then merged into a blacktop surface, narrowing gradually to the entrance of the bridge when it became only 20 feet wide, the width of the bridge.

About 400 feet from the bridge the road entered a 10-degree curve and ascended several feet to the bridge level. Although there were five reflectorized signs within a distance of 1,100 feet which indicated either highway intersections, " Pavement Narrows " or speed limits of 30 and 25 MPH, there was neither overhead illumination on the bridge nor any sign indicating a curve. There was no sign indicating a narrow bridge.

There is evidence of many previous accidents occurring at this site and there is proof that after a study and safety survey by a group of engineers of the State Highway Department about two years before this accident a recommendation was made that " Overhead illumination appears desirable where the four-lane road narrows to an 18' pavement on the bridge in combination with an abrupt change in alignment ". In this accident, where it has been demonstrated that the claimant's injuries were sustained when the car in which he was riding failed to negotiate the curve leading to the bridge at the point where the pavement narrowed to its shortest width and ran into the left girder of the bridge, the conclusion that the negligent maintenance of the road at the point of impact played a causative factor in the occurrence of the accident seems to follow readily.

This seems especially so when, as here, there has been no affirmative finding that the driver of the car was negligent. We agree with the Court of Claims that his protestation of loss of memory is incredible, and that he was not telling the truth in this respect; but that he was not telling the truth does not necessarily make him negligent; and especially does not operate to affect adversely the claimant's case against the State if the State's negligence played some causative part in the occurrence of the accident. Even if Rubin had been found negligent claimant should recover; but we accept for the purpose of the appeal now before us the refusal of the court to find him negligent.

Claimant himself is not shown to have had any part in the control of the car driven by Rubin; nor to have had any warning,

in time to have done anything effective about it, that Rubin would not negotiate the curve onto the bridge. The fair inference from this record is that claimant was not himself negligent in the occurrence of the accident. The refusal of the court to find him negligent is justified; but it seems to us this would have led to a finding also that he was not negligent.

The proof indicates claimant sustained serious brain damage with a resulting "left-sided hemiplegia". His physician is of opinion he will be a permanent invalid. He was 20 years old at the time of the accident, and was earning $3,000 a year. At the time of the second trial it was found by the Court of Claims that his special damages were in excess of $15,400. In our opinion his total damages are $75,000.

The judgment dismissing the claim should be reversed on the law and the facts and judgment directed in favor of the claimant for $75,000, with costs. The order should be settled on notice.

FOSTER, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Judgment reversed, on the law and the facts, and judgment directed for the claimant for the sum of $75,000.

Settle order.